UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| PAT TERRY | DOCKET NO. 11-CV-112 |
| VERSUS | JUDGE MINALDI |
| JAMES LEBLANC, ET AL | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. §1983) of plaintiff Pat Terry filed *in forma pauperis* on January 18, 2011. Doc. 1. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is incarcerated at C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. He complains of conditions of his confinement at ACC and at Avoyelles Correctional Center (ACC), particularly that he has been denied proper medical care and that he is the victim of retaliation. Doc. 1. As relief, plaintiff seeks injunctive and declaratory relief, compensatory, punitive, and nominal damages, and costs. *Id*.

Plaintiff names as defendants DOC Secretary James M. Leblanc, ACC Warden Lynn Cooper, ACC Medical Practitioner "John Doe" Vajnar, PCC Warden Robert Henderson, PCC Assistant Warden Joe Ruebush, and PCC Medical Practitioner John Crawford. *Id*.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff claims that on November 9, 2009, while incarcerated at ACC, he declared a

medical emergency as he had extreme pain, swelling and redness in his left foot and ankle, in addition to a high fever.  Doc. 1, p. 6.   On November 10, 2009, he was placed in a medical isolation cell and given antibiotics.  Doc. 1, p. 6.  Plaintiff states that he was suffering from a spider bite that was misdiagnosed as the flu.  *Id*.

On November 13, 2009, defendant Vajnar examined plaintiff and diagnosed him with cellulitis.  Doc. 1, p. 6-7.   Plaintiff was treated with intravenous antibiotics from November 13, 2009 through November 24, 2009.  Doc. 1, p. 7.  He complains that blood work and cultures were not ordered.  *Id*.  He was returned to regular housing on November 24, 2009.  *Id*.  On December 2, 2009, plaintiff saw defendant Vajnar again, still complaining of swelling and pain in his left foot and ankle.  Doc. 1, p. 8.  Plaintiff  claims that Vajnar told him that he would just have to learn to live with it.  *Id.*

Plaintiff was transferred to PCC on April 5, 2010, and was screened by unknown medical staff.  Doc. 1, p. 9.  He states that his medical history was made known to PCC.  *Id*.  Thereafter, plaintiff was assigned field work despite his medical condition.  *Id*.  He continued to suffer from pain and swelling, and on July 22, 2010, he made a regular sick call.  *Id*.  He was scheduled to be seen by defendant Crawford at a later date.  *Id*.  However, on July 23, 2010, he declared a medical emergency and was placed in the PCC medical observation unit.  *Id*.  He was seen by defendant Crawford, who ordered bed rest and antibiotics.  Doc. 1, p. 10.

On July 26, 2010, plaintiff was taken to the emergency room at Louisiana State University Medical Center.  *Id*.  LSU provided intravenous antibiotics, ordered blood tests and cultures, and preformed ultrasounds and x-rays.  Doc. 1, p. 11.  Plaintiff was returned to the PCC medical observation unit on July 29, 2010.  *Id*.  He stayed there until August 2, 2010, at which

time he was returned to the general population on a dorm restriction/no duty status. *Id*.

Plaintiff was seen by defendant Crawford on August 11, 2010, and was issued a regular duty status. *Id*. He states that he again sought medical care on August 30, 2010, but that he did not receive any care. Blood work was ordered on September 8, 2010 and October 4, 2010. Plaintiff contends that his condition continued to deteriorate. *Id*. He was seen by defendant Ruebush on October 20, 2010. Doc. 1, p. 12. Plaintiff claims that Ruebush tried to coerce him into withdrawing an ARP that had been filed. *Id*. Ruebush ordered an x-ray, which was done on October 30, 2010. *Id*.

Plaintiff declared another medical emergency on November 9, 2010, and was again admitted into the PCC medical observation unit. *Id.* He was released the following day. *Id.* Another sick call was made on December 15, 2010, and petitioner was seen by defendant Crawford on December 16, 2010. Doc. 1, p. 13. Plaintiff claims that Crawford was going to give him a one day no duty status but did not once he learned that plaintiff was assigned to work the prison farms. *Id*.

Plaintiff claims that defendants Henderson, Ruebush, and Crawford have subjected him to retaliation for using the ARP process and that he has needlessly suffered from swelling, pain, and potential loss of limb and life. *Id*.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may

be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Plaintiff has sufficiently detailed his claims and the court is convinced that further amendment of his complaint would serve no useful purpose. Thus, for the reasons stated hereinafter, plaintiff has failed to state a claim for which relief may be granted and his complaint

should be dismissed with prejudice.

### A. Inadequate Medical Care

Plaintiff's claims of delayed, denied, or inadequate medical care are without merit.

Medical care claims asserted by prisoners are analyzed under the Eighth Amendment. In order to succeed on a medical care claim such as plaintiff's herein, he must establish the defendants, in each instance, were "deliberately indifferent" to his serious medical condition. It is only this deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Gregg v. Georgia*, 96 S.Ct. 2909 (1976); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* A plaintiff's disagreement with the course of treatment offered by the medical staff does not establish that a constitutional violation has occurred. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Merely alleging that additional diagnostic measures should have been undertaken or that an alternative method of

treatment should have been utilized does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321; *see also Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (A disagreement over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.*

In the instant case, the facts alleged in the complaint indicate that plaintiff received almost constant medical care beginning in 2009. This medical care included examinations, medication, lab work, x-rays, ultrasound, monitoring, and hospitalization. Plaintiff's allegations, at most, state a disagreement amongst himself and the medical care providers regarding the procedures to treat his medical problems. As previously stated, such claims are insufficient to establish that a constitutional violation has occurred.

Accordingly, this court finds that plaintiff's claim for inadequate medical care should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### B. Retaliation

Plaintiff implies that he was the victim of retaliation because of his use of the grievance system.

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied*, 516 U.S. 1084 (1996). However, as the Fifth Circuit has repeatedly emphasized, claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions. *Woods v. Smith*, 60 F.3d at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 522 U.S. 995 (1997); *McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995), *cert. denied sub nom Palermo v. Woods*, 516 U.S. 1084 (1996)).

Plaintiff claims that defendants Henderson, Ruebush, and Crawford have engaged in retaliation against him for seeking administrative relief; however, he fails to offer anything more than conclusory allegations in support of this claim. As previously stated, conclusory allegations of retaliatory motive or intent are not sufficient to evidence a pattern of retaliation or motive for same.

In the present case, plaintiff's allegations of retaliation are insufficient to state a claim under this cause of action. For this reason, plaintiff's claim for retaliation should fail.

## CONCLUSION

**Therefore, IT IS RECOMMENDED** that plaintiff's civil rights claims be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §

1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 4th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE